# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jimmy Dwayne Jefflo, | ) | Case No. 1:23-cr-044 |
| | ) | |
| Defendant. | ) | |

On April 11, 2024, the court issued a Stipulated Discovery Order and Protective Order memorializing the Parties' agreement regarding discovery. (Doc. No. 249). Paragraph 5 of this order prohibits Defendant and any third party from possessing certain discovery. (Id.). Specifically, it provides:

> 5. Grand jury testimony (other than that of the Defendant), Jencks Act statements, summary reports of witness statements (other than statements of the Defendant) and any audio and video recording of the same, and all other discovery material will remain in the sole custody of the party's attorney, or an agent working on behalf of the attorney, and **shall not be left with the Defendant** or any third party. The prohibition on leaving materials with the Defendant or third party shall not apply to items discoverable under Fed. R. Crim. P. 16 and, to the extent they are intended for use as evidence in case-in-chief at trial, copies of documents, tangible objects, and reports of examinations and tests. Other than for uses associated with representation of the Defendant in the criminal case now pending, the defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements, summary reports of witness interviews (other than statements of the Defendant) and any audio and video recordings of the same, or exhibits. If the attorney for the Defendant is subsequently allowed to withdraw from the case, and a substitute counsel is appointed or retained, upon agreement by the United States Attorney's office, the withdrawing attorney may provide copies of transcriptions, summaries, notes, or dictations of discovery material to the substitute counsel. The new attorney, however, shall be subject to the terms of this Order.
>
> For defendants who are detained pending trial, the parties may modify this paragraph on a case-by-case basis without leave of the Court. Any modifications of this paragraph must be in writing and approved by the United States Attorney or his designee.

(Id.) (emphasis in original).

Defendant is presently in Marshals Service custody at the Stutsman County Correctional Center ("SCCC") in Jamestown, North Dakota. On June 25, 2024, he filed a "Motion for Computer Access to Discovery." (Doc. No. 301). Citing the voluminous amount of discovery and the need for more time to review it, he requests the court provide him with the means to review discovery electronically.

To facilitate what Defendant has requested, all of the discovery in this case would have to be loaded onto a storage device and provided to the SCCC, which would be tasked with safeguarding the storage device and with providing Defendant with reasonable access to the storage device along with a computer to which the storage device can be connected. If SCCC does not have a computer, one would have be provided for Defendant's use.

The court appreciates that the discovery in this case is voluminous. It also appreciates the logistical issues posed by the geographical distance between Defendant and defense counsel and the resulting demands on defense counsel's time. The court also appreciates that Defendant generally has a right to review the discovery materials that will be used against him at trial. See United States v. Hung, 667 F.2d 1105, 1108 (4th Cir.1981). These principles do not mandate Defendant's possession of all discovery materials, however. See e.g., United States v. Ruth, No. 1:18-CR-00004 EAW, 2020 WL 3063939, at *3 (W.D.N.Y. June 9, 2020) ("[R]easonable restrictions on Defendant's access to the materials in a jail setting are ... appropriate."); United States v. Gerard, No. 3:16-CR-270, 2018 WL 4113351, at *3 (W.D.N.C. Aug. 29, 2018) (denying criminal defendant's motion to retain and review all discovery materials while in jail); Johnson v. United States, No. 2:07-CR-00924-DCN-3, 2014 WL 295157, at *5 (D.S.C. Jan. 27, 2014) (opining that it was not

2

improper to restrain counsel from leaving discovery materials with the petitioner in jail to safeguard the material contained therein); cf. In re Bragg, 2012 WL 566958, at *3 (W.D. Va. Feb. 21, 2012) (noting that standard practice is to restrict discovery materials to the possession of defense counsel); cf. United States v. Youker, No. 2:14-CR-0152-SMJ-1, 2015 WL 13864169, at *2 (E.D. Wash. Apr. 30, 2015) (noting that while a pro se defendant is entitled to review discovery, this does not mean he is entitled to all discovery materials in pretrial detention, especially given that the court appointed the defendant standby counsel). The fact that Defendant cannot personally possess certain discovery does create some inconvenience as defense counsel's office is in Fargo.  However, it does not preclude or prevent Defendant from reviewing this material with counsel and/or counsel's representative or agent.

The court finds that the restriction on who may physically possess certain discovery materials as previously agreed upon by the Parties and as set forth in the Stipulated Discovery Order and Protective Order is reasonable and appropriate under the circumstances.  Consequently, Defendant's motion (Doc. No. 301) is **DENIED** insofar as Defendant seeks possession of discovery materials not encompassed by Fed. R. Crim. P. 16.

Defendant's motion (Doc. No. 301) is also **DENIED** as it pertains to his request to electronically access and review discovery generally via computer.  The court is aware that, on previous occasions, it has permitted some defendants to review electronic discovery via computers at their pretrial detention facilities.  However, it also recognizes that the federal judicial system in general and pretrial detention facilities in particular have greatly improved their video-conference capabilities, giving defendants a means of reviewing discovery virtually with counsel.

The court finds that reviewing materials via video conference with defense counsel is a

viable alternative to what Defendant has proposed.  Alternatively, arrangements can presumably be made for Defendant to review discovery at the SCCC in the physical presence of defense counsel's representative or agent. Should defense counsel require funds to secure a representative or agent who can sit with Defendant at the SCCC while Defendant reviews discovery he is unable to retain possession of under the terms of the Stipulated Discovery Order and Protective Order, Defendant can file the appropriate motion.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2024.

<u>*/s/ Clare R. Hochhalter*</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court